USCA1 Opinion

 

 May 9, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2172 UNITED STATES, Appellee, v. VALERIE JOHNSON, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Lynch, Circuit Judges. ______________ ____________________ Thomas A. Grasso on brief for appellant. ________________ Sheldon Whitehouse, United States Attorney, and Zechariah Chafee, __________________ ________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Defendant Valerie Johnson was indicted __________ along with three others on various charges relating to a conspiracy to distribute heroin. She entered a plea of guilty to two counts of the six-count indictment. The facts are not disputed. Defendant argues only that the district court erred in refusing to grant her a downward departure based on her status as a first-time offender and as single mother of three minor children. See United States v. Rivera, ___ _____________ ______ 994 F.2d 942 (1st Cir. 1993). Defendant acknowledges in her brief on appeal that the district court knew that it had the power to effect a downward departure. She could hardly maintain otherwise as a review of the transcript of the sentencing hearing reveals that the judge was well aware of, and correctly applied, the analysis for such departures set forth in Rivera. See id. at ______ ___ ___ 949-50. She argues simply that the district court should have granted her a downward departure. "[A]bsent extraordinary circumstances, a criminal defendant cannot ground an appeal on the district court's discretionary decision not to undertake a downward departure from the sentencing range indicated by the guidelines." United States v. Ruiz, 905 F.2d 499, 508-09 (1st Cir. 1990). ______________ ____ No extraordinary circumstances exist here. Thus, we have no jurisdiction over this appeal. This appeal is dismissed for want of jurisdiction. See Local Rule 27.1. ___